NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRENI RAMOS LOPEZ; BRYAN RAMOS CARRILLO,<br><br>     Petitioners,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 23-1036<br><br>Agency Nos.<br>A215-688-907; A215-688-908<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025**
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Ireni Ramos Lopez ("Ramos") and his minor son Bryan Ramos Carrillo,[1]

natives and citizens of Guatemala, petition for review of a decision of the Board of

---

 \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [1]    Ramos's son did not file his own application for relief, but he is listed as a derivative beneficiary of Ramos's application.

Immigration Appeals ("BIA") denying Petitioners' motion to remand and affirming the order of the Immigration Judge ("IJ") denying Ramos's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA conducts its own review of the record and incorporates some findings of the IJ, we review both decisions to the extent the IJ's findings are incorporated in the BIA's decision. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). We review denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review the denial of a motion to remand for abuse of discretion. *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1111 (9th Cir. 2024). We deny the petition for review.

1. Substantial evidence supports the BIA's determination that Petitioners are ineligible for asylum or withholding of removal because they failed to show the required nexus between their asserted fear of harm and a protected ground. Ramos's written declaration explains that he was the victim of four robberies or attempted robberies in Guatemala, including one that resulted in the death of his brother. However, Ramos did not present evidence that he and his family were targeted on account of membership in his asserted particular social group of "Indigenous Male Agricultural Workers." Instead, Ramos describes the robbers in

each instance as motivated by a desire for economic gain. An act by "criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. Substantial evidence also supports the BIA's determination that Petitioners failed to establish eligibility for CAT protection. Those seeking CAT protection must show that it is more likely than not that they will be tortured by or with the acquiescence of a public official in their native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Ramos's CAT claim is undercut by the seven years he and his son remained in Guatemala without incident between the last robbery in 2011 and their departure for the United States in 2018. Moreover, several of Ramos's family members remain in Guatemala unharmed. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (denying CAT relief, reasoning in part that the CAT applicant "had not presented evidence that similarly-situated individuals are being tortured"). Ramos's generalized country conditions evidence also fails to demonstrate that he would face torture in Guatemala. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–707 (9th Cir. 2022) (denying petition for review because country conditions evidence acknowledging "crime and police corruption in Mexico generally" did not demonstrate that the petitioner faced a "particularized, ongoing risk of future torture"). Therefore, Ramos's fear of future crime and violence does not compel

the conclusion that "it is more likely than not that [he] will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).

3.     Nor did the BIA abuse its discretion by declining to grant Petitioners' request to remand proceedings to the IJ for consideration of Petitioners' eligibility for voluntary departure. A motion to remand "must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1) (listing requirements for motions to reopen); *Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024) (motions to reopen and motions to remand are evaluated under the same standard). Petitioners failed to meet their burden of establishing "prima facie eligibility for voluntary departure by meeting all of its criteria," because they did not attach any evidence of their good moral character or of their means and intent to depart the United States. *Gonzalez-Lara*, 104 F.4th at 1116.

**PETITION DENIED.**[2]

---

[2]     Petitioners' Motion to Stay Removal (Dkt. No. 3) is denied as moot. The temporary stay of removal (Dkt. No. 8) will dissolve on the issuance of the mandate.